UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DON KING PRODUCTIONS, INC.,          CASE NO: 1:15 cv 23038
a Florida corporation,

       Plaintiff,

v.

SHANE MOSLEY, an individual,
RICARDO MAYORGA, an individual,
SUGAR SHANE MOSLEY
PROMOTIONS, INC., a Nevada
corporation, and GOBOX PROMOTIONS
INC., a Nevada corporation,

       Defendants.
_____/

## COMPLAINT

Plaintiff, DON KING PRODUCTIONS, INC., by and through undersigned counsel, hereby sues Defendants, SHANE MOSLEY, RICARDO MAYORGA, SUGAR SHANE MOSLEY PROMOTIONS, INC., and GOBOX PROMOTIONS INC., as follows:

### SUMMARY OF ACTION

1. This is an action seeking injunctive relief and damages as a result of Defendants Shane Mosley, Sugar Shane Mosley Promotions, Inc., and Gobox Promotions Inc.'s tortious interference with Plaintiff's contractual rights. Namely, Plaintiff, a production and promotion company, possesses certain exclusive contractual rights to promote one its clients, Defendant Ricardo Mayorga, who is a prize fighter. Defendants Shane Mosley, Sugar Shane Mosley Promotions, Inc., and Gobox Promotions Inc. have organized and are promoting a boxing event which includes Defendant Ricardo Mayorga, who Defendants know is under contract not to participate in any such events other than exclusively through Plaintiff's efforts. This action

seeks to enjoin Defendants Shane Mosley, Sugar Shane Mosley Promotions, Inc., and Gobox Promotions Inc. from continuing to induce Defendant Ricardo Mayorga to participate in this event and from interfering with Plaintiff's exclusive contractual rights.

## JURISDICTION AND VENUE

2. This Court possesses jurisdiction pursuant to 28 U.S.C. §1332(a) as the parties are of diverse citizenship, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. This Court possesses supplementary jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. §1367.

3. This Court possesses personal jurisdiction over Defendants pursuant to Florida Statute §48.193(1)(a), (b), (f) and (g) and 48.193(2).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) on the grounds that a substantial part of the events or omissions giving rise to the claim occurred within this District.

## THE PARTIES

5. This Court has jurisdiction of this matter given that the amount in controversy exceeds the sum or value of $15,000.00, exclusive of costs, interest and reasonable attorneys' fees.

6. Plaintiff DON KING PRODUCTIONS, INC. (hereinafter referred to as "DKP") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Deerfield Beach, Florida. DKP is engaged in the business of promoting first class boxing matches throughout the world.

7. Defendant SHANE MOSLEY ("Mosley") is an individual over the age of eighteen (18), is *sui juris* and is believed to reside in California. Mosley is a professional boxer

2

and has held world titles in three weight divisions, having held the IBF lightweight title, Lineal, WBC, WBA (Super) welterweight titles, and Lineal, WBC, WBA (Super), and The Ring magazine's light-middleweight titles.  In 2000 and 2001, he was named Ring Magazine's pound for pound best fighter in the world.

8. Defendant RICARDO MAYORGA ("Mayorga") is an individual over the age of eighteen (18), is *sui juris* and is believed to reside in Managua, Nicaragua.  Mayorga is a professional boxer and is the former WBA/WBC Welterweight champion and the former WBC Junior Middleweight champion.

9. SUGAR SHANE MOSLEY PROMOTIONS, INC. ("Mosley Promotions") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business believed to be in Los Angeles, California.  It is believed that Mosley Promotions is owned and/or operated by Mosley and is believed to be the promotional company that is promoting the boxing event that is the subject of this action.

10. GOBOX PROMOTIONS INC. ("GoBox Promotions") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business believed to be in Los Angeles, California.  It is believed that GoBox Promotions is owned and/or operated by Mosley and is believed to be the company charged with the responsibility of broadcasting the boxing event that is the subject of this action.

11. It is believed that Mosley Promotions and GoBox Promotions are engaged in the business of marketing and promoting boxing and mixed martial arts ("MMA") events throughout the world.

## GENERAL ALLEGATIONS

### The Promotional Agreement

12. On October 1, 2009, DKP entered into a Promotional Agreement with Mayorga. A copy of the Promotional Agreement is attached hereto as Exhibit "A."

13. Under the terms of the Promotional Agreement, DKP possesses the sole and exclusive right to secure, arrange and promote all professional bouts involving Mayorga for a period of three (3) years. Indeed, Mayorga agreed in the Promotional Agreement that DKP would serve as his exclusive promoter for future bouts during that three (3) year time period.

14. The Promotional Agreement refers to DKP as "Promoter" and Mayorga as "Fighter."

15. Section XI of the Promotional Agreement, entitled "EXCLUSIVITY," provides:

> In consideration of the obligations of Promoter to secure, arrange for, and promote Bouts requiring Fighter's services, and to pay Fighter's purses, as provided herein, Fighter agrees that during the term hereof, ***Fighter shall not participate in any bouts other than Bouts promoted or co-promoted by Promoter or for which Promoter has granted Fighter prior written permission*** and Fighter shall not render his services as a professional boxer to any person, firm, or entity other than Promoter, except with promoter's prior written permission. Fighter recognizes and agrees that this restriction is necessary to protect Promoter's legitimate business interests, including Promoter's ability to promote first class boxing matches for Fighter and other fighters whom Promoter promotes, against world class opponents, at top venues, broadcast by top American and foreign broadcasters. Fighter acknowledges that Promoter has substantial relationships with a number of boxing venues, broadcasters, and other world class boxers, and that these relationships are protected by the Promoter's ability to guarantee the availability of Fighter through this Agreement.

*See* Ex. A, p. 3 [emphasis supplied].

16. In addition, Section XV(b) of the Promotional Agreement states:

> During the term of this Agreement, Fighter agrees that he will not

>(and will cause his manager, trainers, seconds, assistants and other members of his team not to) attend or participate in any shows, interviews, programs, special events or other activities produced, published, broadcast, sponsored or hosted by or held in or otherwise affiliated with any newspaper, magazine, book, Internet or other publisher, or any Internet, radio or television broadcaster, or any casino (including, without limitation, on-line casinos), hotel or arena or any other sponsor or licensee of boxing events without Promoter's prior written approval in its sole and absolute discretion.  Fighter agrees and acknowledges that a breach of this provision would cause harm to Promoter and that actual damages would be difficult to quantify. Therefore, in the event of a breach of this provision, Fighter agrees to pay to Promoter as liquidated damages, and not as a penalty, $15,000, and Fighter hereby authorizes Promoter to deduct the applicable amount from his purse for his next Bout hereunder.

*See* Ex. A, p. 4.

17. Also, section XVI(a) of the Promotional Agreement provides that:

>***Fighter represents, warrants and covenants to Promoter that he*** has the full right, power and authority and is free to enter into this Agreement and has not heretofore and ***will not hereafter enter into any contract, agreement or understanding, whether oral or written, which conflicts in any material respect with the provisions hereof or which purports to grant similar or conflicting rights to any person, firm, or entity other than Promoter, or which would or might interfere with Fighter's full and complete performance hereunder or the free and unimpaired exercise by Promoter of any of the rights granted to Promoter under this Agreement***. Fighter further represents and warrants to Promoter that there are no claims pending or threatened or any litigations affecting Fighter which would or might interfere with the full and complete exercise or enjoyment by Promoter of any rights granted hereunder.

*See* Ex. A, p. 5 [emphasis supplied].

**Mayorga's Prior Breach of the Promotional Agreement and the Resulting Injunction**

18. On or about May 7, 2010, DKP initiated an action against Mayorga styled *Don King Promotions, Inc. vs. Shine Fight Promotions, LLC and Ricardo Mayorga*, Circuit Court Of The Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No.  ("the First

5

Action").

19. The First Action sought to prevent Mayorga from breaching the terms of his Promotional Agreement by way of his participation in an MMA event that was not promoted by DKP and was instead being promoted by a different promotional company.

20. To that end, DKP filed an Emergency Motion for Temporary and Preliminary Injunctive Relief.

21. By Order entered on May 15, 2010, the Court in the First Action granted DKP's Emergency Motion for Temporary and Preliminary Injunctive Relief and barred Mayorga from participating in the subject bout given that, *inter alia,* the express terms of the Promotional Agreement barred Mayorga from participating in a bout that was not promoted by DKP.

22. The injunction obtained by DKP in the First Action, and the consequent cancellation of the Mayorga bout which was the subject of the First Action, was reported in boxing trade magazines and boxing related websites and was generally known throughout the boxing industry.

### Mayorga Retires and Thereafter Returns to the Sport of Boxing

23. On or about March 12, 2011, Mayorga temporarily retired from professional boxing.

24. In 2014, Mayorga expressed an interest in returning to professional boxing.

25. As such, on or about July 10, 2014, Mayorga entered into a Memorandum of Understanding with DKP wherein Mayorga agreed as follows:

> 1. I, Ricardo Mayorga, acknowledge that I retired from professional boxing after my bout against Miguel Cotto on March 12, 2011 in Las Vegas, Nevada.
>
> 2. I am now making a comeback to professional boxing after a brief attempt at MMA.

6

      3.    I hereby reaffirm the Promotional Agreement with Don King Productions dated October 1, 2009 and agree that such Agreement remains in full force and effort.

A copy of the Memorandum of Understanding is attached hereto as Exhibit "B."

26. In addition, on July 10, 2014, Mayorga and DKP entered into an Addendum to Promotional Agreement wherein Mayorga agreed, *inter alia*, that: "[p]ursuant to Paragraph VII of the DKP Promotional Agreement, [Mayorga] agrees that the terms of the Promotional Agreement is extended by the time of [Mayorga's] temporary retirement on March 12, 2011 and is fully operative." A copy of the Addendum to Promotional Agreement is attached hereto as Exhibit "C."

### Mayorga, Once Again, Seeks to Breach The Promotional Agreement With The Assistance of, and Inducement By, Defendants Mosley, Mosley Promotions and Gobox Promotions

27. Defendants Mosley, Mosley Promotions, and Gobox Promotions have organized, and are promoting, a boxing event to take place on Saturday, August 29, 2015, entitled "Grudge Match" which will take place at the Forum in Inglewood, California ("the Event").

28. The Event, which will feature several bouts, is headlined by the bout between Mayorga and Mosley. The Event will be broadcast live on Pay-Per-View on cable and satellite in the United States and Canada.

29. Mosley, Mosley Promotions, and Gobox Promotions solicited Mayorga to provide his services as a professional boxer and has entered into an agreement with Mayorga to participate in the Event, which violates the terms of the Promotional Agreement.

30. Mosley, Mosley Promotions, and Gobox Promotions aggressively promoted and discussed the Event through television advertisements and the internet. *See* Ex. C.

31. Mosley, Mosley Promotions, and Gobox Promotions' actions in organizing and

promoting the Event and in soliciting and contracting with Mayorga infringe upon and are interfering with DKP's exclusive contractual rights with Mayorga.

32. In addition, in soliciting Mayorga and entering into a contractual relationship with him, Shine Fight is placing Mayorga at risk of substantial physical harm and, in turn, will damage the reputation and goodwill of DKP in its ability to exclusively promote Mayorga in future bouts.

33. Specifically, since returning from his retirement, Mayorga has not participated in any boxing events, and has instead elected to return to boxing by competing against Mosley, a highly recognized former champion who has once known as the pound for pound best fighter in the world.

34. Mayorga's initial return to boxing through his participation in the Event substantially increases the likelihood that he will be injured in the Event and will result in Mayorga being unable to perform his contractual obligations to DKP.

35. Mosley is a highly experienced and successful boxer holding a record of 47 wins and 9 losses with 39 of his wins coming by way of a knockout. Mosley has fought and defeated some of the most recognizable names in boxing, including Oscar De La Hoya (twice), Antonio Margarito, and Fernando Vargas. Mosley has also fought against world-renowned boxing champions such as Floyd Mayweather, Jr., Manny Pacquiao, and Miguel Cotto.

36. Given the violent nature of boxing events, and the amount of time that Mayorga has been away from the ring, there is substantial risk and it is entirely realistic to conclude that Mayorga may be injured if he participates in the Event.

37. Moreover, if Mayorga loses his bout against Mosley, performs poorly and/or appears in less than optimal physical condition at the Event, this will substantially impair DKP's

efforts to secure additional boxing events for Mayorga, thus adversely impacting DKP's reputation, goodwill and value of its business in a manner that is very difficult to quantify.

38. Moreover, if Mayorga is seriously injured at the Event or otherwise damages his reputation by participating in the Event, his career as a professional boxer may be permanently damaged or ruined, thus causing a premature termination of the Promotional Agreement and damage to the business reputation and goodwill of DKP.

39. DKP has advised Mosley, Mosley Promotions, and Gobox Promotions of the exclusive nature of the contractual relationship between DKP and Mayorga and has requested that they voluntarily agree not to continue to promote, advertise and carry out Mayorga's participation in the Event.  *See* Exhibit "D."

40. Those requests, however, have been unavailing and Mosley, Mosley Promotions, and Gobox Promotions have made it clear to DKP that they do not intend to cease their conduct despite the contractual relationship between DKP and Mayorga.

41. DKP has a legitimate business interest in protecting the goodwill associated with its business and reputation.

42. As a direct result of Mosley, Mosley Promotions, and Gobox Promotions and Mayorga's willful conduct, DKP has suffered and will continue to suffer damages.

43. DKP has retained the undersigned law firm and has agreed to pay it a reasonable fee for its services.

44. All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

## CAUSES OF ACTION

### Count I – Tortious Interference With Contractual Relationship
### (Against Mosley, Mosley Promotions, and Gobox Promotions)

45. DKP incorporates each and every allegation in paragraphs 1 through 44, *supra*, as if fully set forth herein.

46. The Promotional Agreement executed by and between DKP and Mayorga is a valid contract and evidences the existence of a business relationship under which DKP possesses significant legal rights.

47. Mosley, Mosley Promotions, and Gobox Promotions possessed knowledge as to the existence of the Promotional Agreement and the business relationship between DKP and Mayorga.

48. Mosley, Mosley Promotions, and Gobox Promotions have intentionally and unjustifiably interfered with the Promotional Agreement and the business relationship between Mayorga and DKP which interference has induced or otherwise caused Mayorga not to perform under the Promotional Agreement.

49. As a result, DKP has suffered and will continue to suffer reputational and financial damages.

**WHEREFORE**, Plaintiff, DON KING PRODUCTIONS, INC., demands judgment against Defendants SHANE MOSLEY, SUGAR SHANE MOSLEY PROMOTIONS, INC., and GOBOX PROMOTIONS INC. for: (a) damages, (b) costs and interest; and (c) such other relief as is just and proper.

### Count II – Breach of Contract
### (Against Mayorga)

50. DKP incorporates each and every allegation in paragraphs 1 through 44, *supra*, as

if fully set forth herein.

51. The Promotional Agreement executed by and between DKP and Mayorga is a valid contract under which DKP possesses legal rights.

52. Mayorga's actions in entering into an agreement with Mosley, Mosley Promotions, and Gobox Promotions and refusing DKP's request to cancel his participation in the Event indicate that he is in breach of, does not intend to perform under, and will continue to breach, the Promotional Agreement.

53. As a result, DKP has suffered and will continue to suffer damages, including to its business reputation and goodwill.

**WHEREFORE**, Plaintiff, DON KING PRODUCTIONS, INC., demands judgment against Defendant RICARDO MAYORGA for: (a) damages, (b) costs and interest, (c) attorney's fees and costs, and (d) such other relief as is just and proper.

### Count III – Request for Injunctive Relief
**(Against All Defendants)**

54. Plaintiff incorporates each and every allegation in paragraphs 1 through 44, *supra*, as if fully set forth herein.

55. This is a cause of action for injunctive relief to enjoin:

   a. Mosley, Mosley Promotions, and Gobox Promotions from: (1) continuing to advertise, promote or market the Event portraying Mayorga as a participant; (2) requiring and/or permitting Mayorga to participating in the Event; and/or (3) proceeding with the Event with Mayorga as one of its participants; and

   b. Mayorga from: (1) participating in any advertisements, promotions or marketing efforts relating to the Event and/or his involvement in the

11

Event; and/or (2) participating in the Event.

56. DKP possesses a clear legal right or interest in Mayorga and the events that he participates in, including the Event.

57. There is a substantial likelihood of success that DKP will succeed on the merits of its tortuous interference claim against Shine Fights and breach of contract claim against Mayorga.

58. DKP is likely to suffer irreparable harm if the requested injunctive relief is not granted given that its business reputation and goodwill will be substantially damaged.

59. DKP has no adequate remedy at law.

60. The injury to DKP outweighs any threatened harm the injunction may cause Mosley, Mosley Promotions, and Gobox Promotions or Mayorga since they can continue to operate their respective businesses without the necessity of violating DKP's rights.

61. The injunction will not disserve the public interest.

**WHEREFORE**, Plaintiff, DON KING PRODUCTIONS, INC., respectfully requests that this Honorable Court enter an injunction in its favor, enjoining:

a. SHANE MOSLEY, SUGAR SHANE MOSLEY PROMOTIONS, INC., and GOBOX PROMOTIONS INC. and anyone acting in concert therewith from: (1) continuing to advertise, promote or market the Event; (2) requiring and/or permitting Mayorga to participate in the Event; and/or (3) proceeding with the Event with Mayorga as one of its participants, and (4) for such other and further relief as this Honorable Court deems just and proper; and

b. RICARDO MAYORGA from: (1) participating in any advertisements, promotions or marketing efforts relating to the Event and/or his involvement in the Event; and/or (2) participating in the Event.

12

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 13, 2015  Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
*Counsel for Plaintiff*
Miami Tower
100 S.E. 2nd Street
27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428


By: s/ Alejandro Brito
 **ROBERT ZARCO**
 Florida Bar No. 502138
 **ALEJANDRO BRITO**
 Florida Bar No. 098442